Filed 6/28/24  P. v. Robles CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>     v.<br><br>ARMANDO ROBLES, JR.,<br><br>          Defendant and Appellant. | B329594<br><br>Los Angeles County<br>Super. Ct. No. BA390804 |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge. Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Armando Robles, Jr. (Robles) appeals from the trial court's order denying his petition to vacate his two attempted murder convictions and resentence him under Penal Code section 1172.6.[1] Robles contends the court abused its discretion when it denied his petition without holding a hearing on his request to substitute new counsel. Because the record of conviction establishes Robles is ineligible for resentencing as a matter of law, any error in denying his petition was harmless. We therefore affirm.

## BACKGROUND

### 1.   The Trial

The People charged Robles and a codefendant each with two counts of attempted murder (§§ 664, 187, subd. (a)) and one count of shooting at an occupied vehicle (§ 246). The People alleged the attempted murders were committed willfully, deliberately, and with premeditation (§ 1192.7, subd. (c)) and for the benefit of a criminal street gang (§ 186.22). The People also alleged that a principal personally used a firearm during the commission of the attempted murders (§ 12022.53, subds. (b), (c), & (e)(1)).

Robles and his codefendant were tried by the same jury. The court instructed the jury on the elements of attempted murder, premeditation and deliberation, and direct aiding and abetting. (See CALCRIM Nos. 401, 600, & 601.) Relevant here,

---

[1] All undesignated statutory references are to the Penal Code. Robles filed his petition under former section 1170.95, which the Legislature later renumbered to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We cite to section 1172.6 throughout this opinion for ease of reference.

the court instructed the jury it could convict either defendant of aiding and abetting attempted murder if it found he knew the perpetrator intended to commit the crime, the defendant intended to aid and abet the perpetrator in committing the crime, and, through his words or acts, the defendant aided and abetted the perpetrator's commission of the crime. (See CALCRIM No. 401.) The court did not instruct the jury on the natural and probable consequences doctrine or any other imputed malice theory. Nor did the prosecutor argue that the jury could convict Robles or his codefendant of attempted murder under the natural and probable consequences doctrine or any other imputed malice theory.[2]

The jury convicted Robles and his codefendant of two counts each of willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a)) and one count each of shooting at an occupied vehicle (§ 246). The jury also found true that Robles and his codefendant committed the crimes for the benefit of a street gang and, as to Robles, that a principal personally used a firearm. The court sentenced Robles to a total term of 63 years to life in prison.

## 2. Robles's Resentencing Petition

In June 2020, Robles filed his resentencing petition. The court denied the petition without appointing counsel to represent Robles or requesting briefing from Robles or the People. The court found Robles was ineligible for relief because he was convicted of attempted murder, which at the time wasn't listed as an offense eligible for resentencing.

---

[2] In the trial court, the People attached to their response to Robles's resentencing petition several exhibits, including copies of the jury instructions and the reporter's transcripts from Robles's trial. We have reviewed those exhibits.

After we issued our original opinion affirming the court's order denying Robles's petition, the Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.) (S.B. 775), which made attempted murder under a natural and probable consequences theory an offense eligible for resentencing under section 1172.6. (See § 1172.6, subd. (a).) The Supreme Court granted Robles's petition for review and ordered us to reconsider his appeal in light of S.B. 775. We reversed the court's order denying Robles's petition and remanded the matter for the court to reconsider whether Robles made a prima facie showing of eligibility for relief.

On March 28, 2023, after the case was remanded to the trial court, Robles filed a 16-page letter asking the court to discharge his appointed counsel, who represented him at trial, and substitute in a new attorney to represent him for purposes of his resentencing petition. Robles claimed he had a conflict of interest with appointed counsel because she refused to introduce at the prima facie hearing on his resentencing petition evidence that was not presented at trial. The evidence included, among other things, statements from potential alibi witnesses who appointed counsel never interviewed before trial. Robles claimed the evidence contradicted several assertions in the People's opposition to his resentencing petition and raised doubts about whether he should have been convicted of attempted murder. Robles believed that appointed counsel was reluctant to present the new evidence because she feared it would tarnish her reputation and could show she provided ineffective assistance at trial.

In addition, Robles claimed appointed counsel refused to include as part of his resentencing petition a request for the court to strike his sentence enhancements. Robles believed his sentence was unfair because one of his cohorts who pled to attempted

4

murder and admitted gang and personal-use gun allegations received a lesser sentence. Robles also asserted that his relationship with appointed counsel was compromised because they had "too many heated arguments regarding examples of ineffective assistance of counsel" at Robles's trial.

Robles attached several exhibits to his letter, including summaries of two interviews his private investigator had with potential alibi witnesses.

On March 29, 2023, the court held a hearing on Robles's resentencing petition. Robles wasn't present, and stand-in counsel appeared in place of appointed counsel. The court noted that Robles was unable to appear remotely because his prison's video equipment wasn't working.

At the beginning of the hearing, stand-in counsel noted that Robles made a request under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) to discharge his appointed counsel and substitute new counsel to represent him for purposes of his resentencing petition. Stand-in counsel stated it would be difficult to proceed past the prima facie stage without hearing what concerns Robles had with his appointed counsel.

The court responded: "[Robles] sent a packet to the court. They really deal with—he would like to litigate underlying facts—is not happy with [appointed counsel] for not doing it. [¶] And if we get past this proceeding, then these issues may be relevant at that point. I think it's a misunderstanding as to what the proceedings are up to this stage. [¶] [Robles's] comments are filed. They'll be part of the court record, but the bottom line is the only question before me now is is there—because all the boxes were checked off, we got this far. [¶] Then the next question becomes after briefing and presentation of the court record, whether there's a basis to issue an order to show cause, whether there's a prima facie case, order to show cause to have an

5

evidentiary hearing, in which case, many of those issues he's trying to raise may or may not become relevant. [¶] … [S]o I understand his frustration. However, we are where we are. So I've read the moving papers that were filed and the response and as well as the reply. And at this point, I'm ready to conduct the hearing and move forward." Over stand-in counsel's objection, the court proceeded with the hearing on Robles's resentencing petition without Robles present and without ruling on his request to substitute new counsel.

The court denied Robles's resentencing petition. The court found that Robles was ineligible for relief as a matter of law because the record—including the charging documents, the jury instructions, and the parties' arguments at trial—showed he was convicted under a valid theory of attempted murder.

Robles appeals.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 2) (S.B. 1437) eliminated natural and probable consequences liability for aiding and abetting murder and limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) It also created a mechanism, now codified in section 1172.6, for a defendant previously convicted of murder to petition the trial court to vacate his conviction and be resentenced if he could not now be convicted of murder because of changes made by the new law. (*Lewis*, at pp. 959–960.) S.B. 775 later amended section 1172.6 to allow resentencing for a defendant convicted of, among other crimes, attempted murder under the natural and probable consequences doctrine. (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1174; see also § 1172.6, subd. (a).)

A defendant seeking resentencing under section 1172.6 must file a petition that includes a declaration stating he is

6

eligible for relief and indicating whether he wants counsel appointed to represent him. (§ 1172.6, subd. (b).) Upon receiving a facially sufficient petition, the court must appoint counsel if requested and determine whether the defendant "has made a prima facie case for relief." (*Id.*, subds. (b)(3), (c).)

Section 1172.6's prima facie analysis is designed "to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court may consider the record of conviction and the allegations in the defendant's petition. (*Ibid.*) The court may not engage in factfinding involving the weighing of evidence or the exercise of discretion. (*Ibid.*) If the record of conviction shows the defendant is ineligible for relief as a matter of law, the court may deny the petition. (*Id.* at pp. 971–972; *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

Robles contends the court erred when it denied his resentencing petition without allowing him the opportunity to address, either in person or remotely, his request to replace his appointed counsel. When a defendant moves to discharge his appointed counsel and substitute new counsel, the trial court must give the defendant the opportunity to express specific reasons why he believes he is not receiving adequate representation from his current counsel. (*Marsden*, *supra*, 2 Cal.3d at pp. 123–125; *People v. Vera* (2004) 122 Cal.App.4th 970, 979.) The court must appoint substitute counsel if the record clearly shows that " ' "appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." ' " (*People v. Streeter* (2012) 54 Cal.4th 205, 230.)

We need not decide whether the court was required to hold a hearing on Robles's request to replace his appointed counsel

7

before making its prima facie determination under section 1172.6 because, even assuming the court was required to do so, any error was harmless. To establish a trial court's error at the prima facie stage was prejudicial, the defendant must show that there is a reasonable probability that but for the error, the court would have issued an order to show cause and held an evidentiary hearing under section 1172.6, subdivision (d). (*Lewis*, *supra*, 11 Cal.5th at pp. 973–974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

Here, Robles was convicted of two counts of premeditated attempted murder. The jury was not instructed on the natural and probable consequences doctrine or any other imputed malice theory. Instead, the court instructed the jury only on the elements of attempted murder and the principles of direct aiding and abetting, intent to kill, and premeditation and deliberation. Thus, to find Robles guilty of either count of attempted murder, the jury was required to find he acted with malice aforethought, either as the perpetrator of the crime (see CALCRIM No. 600 [attempted murder instruction]) or as the direct aider and abettor of the crime (see CALCRIM No. 401 [direct aiding and abetting instruction]). (See *People v. Gentile* (2020) 10 Cal.5th 830, 848 [S.B. 1437 did not eliminate direct aiding and abetting liability because a direct aider and abettor must possess malice aforethought].) In other words, the record of conviction conclusively establishes that Robles is ineligible for resentencing because he was convicted of attempted murder under a theory that remains valid notwithstanding changes made to the law of attempted murder by S.B. 1437 and S.B. 775. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].)

8

Robles does not dispute that the jury was never instructed on the natural and probable consequences doctrine. Nor does he otherwise contend that he was convicted of attempted murder under an invalid theory. Instead, Robles argues that had the court granted his request to replace his appointed counsel, substitute counsel may have been able to show appointed counsel provided ineffective assistance at Robles's trial by failing to present evidence that Robles was not the perpetrator of the attempted murder. Additionally, substitute counsel may have been able to proffer new evidence that, had it been presented at trial, may have caused the jury to reach a different verdict. Without allowing him the opportunity to further address the concerns he has with appointed counsel's performance, Robles argues, we cannot conclude the court's refusal to hold a hearing on his request to replace appointed counsel was harmless. This argument is misguided.

The filing of a section 1172.6 petition does not afford a defendant "a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Nor does anything in section 1172.6, subdivision (c) permit the trial court to consider evidence outside the record of conviction at the prima facie stage. Instead, the " 'purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*Farfan*, at p. 947.) In other words, a defendant seeking resentencing under section 1172.6 is limited to showing he could not be convicted of murder or attempted murder because of changes made to sections 188 or 189 by S.B. 1437 and subsequent legislation (§ 1172.6, subd. (a)(3)), not because he may have obtained a more favorable verdict but for alleged deficiencies in

appointed counsel's performance at trial. (See *Farfan,* at p. 948; see also *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477 [a claim of ineffective assistance of counsel must be raised on direct appeal or through a petition for writ of habeas corpus].)

In sum, the record of conviction conclusively establishes that Robles is ineligible for resentencing under section 1172.6. Thus, Robles has not shown it is reasonably likely that the court would have issued an order to show cause and held an evidentiary hearing even if it held a hearing on his *Marsden* request and replaced his appointed counsel. (See *Strong, supra,* 13 Cal.5th at p. 708 ["If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition"].) Any error in the court's denial of Robles's resentencing petition was, therefore, harmless. (See *Lewis, supra,* 11 Cal.5th at p. 974.)

## DISPOSITION

The order denying Robles's resentencing petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.